UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR ARYAD, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-02062-KJM-CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. On April 9, 2020 the court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff filed a first amended complaint which is before the court for screening.

**I.　　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Allegations in the First Amended Complaint

At all times relevant to the allegations in the first amended complaint, plaintiff was an inmate at California State Prison-Sacramento. He alleges that on November 1, 2013, several correctional officers used excessive force against him resulting in "back pain, shoulder pain, [a] swollen and throbbing left hand and [a] gash above his left eye." ECF No. 14 at 3. Based on his injuries, plaintiff was examined by defendant Dr. Ma who stitched up his facial wound. Id. During subsequent medical visits, defendants Aryad and Bobbla failed to order an MRI and refused to allow him to be seen by a specialist.[1] Id. By way of relief, plaintiff seeks compensatory and punitive damages. ECF No. 14 at 4.

---

[1] The court notes in passing that the names of these defendants as well as the correctional officers are spelled differently throughout the amended complaint.

### III. Legal Standards

Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991). "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of

pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

**IV.     Analysis**

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. While plaintiff alleges that defendants Aryad and Bobbla failed to order an MRI and refused to allow him to be seen by a specialist for his back pain, this is nothing more than a difference of opinion over the extent of the medical care he received. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Additionally, plaintiff fails to link defendant Ma to the asserted deliberate indifference claims. While plaintiff alleges that he was examined by defendant Ma following the November 1, 2013 use of force against him, he received stitches for his facial injury during this exam. ECF No. 14 at 3. Plaintiff does not specify how defendant Ma was deliberately indifferent to his serious medical needs on this occasion or any subsequent medical visit.

Further, the court finds that plaintiff has failed to state an Eighth Amendment excessive force claim against Correctional Officers Motzen, Bookout, and Wuest because he does not name them as defendants in this action. Plaintiff must name and identify each individual defendant that he seeks to sue. For all these reasons, plaintiff's complaint must be dismissed. The court will,

1 however, grant leave to file an amended complaint.

2   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
3 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
4 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in
5 specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
6 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
7 claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
11 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
12 complaint be complete in itself without reference to any prior pleading. This is because, as a
13 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
14 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
15 longer serves any function in the case. Therefore, in an amended complaint, as in an original
16 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17   **V.   Plain Language Summary for Pro Se Party**

18   The following information is meant to explain this order in plain English and is not
19 intended as legal advice.

20   The amended complaint is being dismissed because it fails to state any cognizable claim
21 for relief. You are being given the chance to try to fix this by filing a second amended complaint.
22 If you choose to do so, pay careful attention to the legal standards explained in this order.

23   Accordingly, IT IS HEREBY ORDERED that:

24   1. Plaintiff's first amended complaint is dismissed.

25   2. Plaintiff is granted thirty days from the date of service of this order to file an amended
26 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
27 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
28 number assigned this case and must be labeled "Amended Complaint." Failure to file an

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 14, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/howa2062.14amd.new.docx