UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EUGENE HOWARD, | No. 2:19-cv-02062-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ARYAD, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's second amended complaint raising excessive force claims against defendants Williamson, Moltzen, Bookout, and Wuest and failure to protect claims against defendants Williamson, Bookout, and Wuest, all in violation of the Eighth Amendment. ECF No. 18 (screening order). The events giving rise to this action occurred at California State Prison-Sacramento on November 1, 2013. ECF No. 17 (second amended complaint). Currently pending before the court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff's claims are barred by the statute of limitations and res judicata. ECF No. 33. Plaintiff filed an opposition to the motion and defendants have filed a reply. ECF Nos. 41, 42. Accordingly, the motion has been fully briefed. For the reasons explained in further detail below, the undersigned recommends granting defendants' motion.

## I. Motion to Dismiss

In their motion to dismiss, defendants assert that based on the face of the second amended complaint, plaintiff's claims are barred by the relevant statute of limitations and, moreover, these claims have already been determined to be time-barred in plaintiff's prior case of Howard v. Williamson, et al., Case No. 2:16-cv-01200-TLN-KJN (E.D. Cal.) (hereinafter referred to as "Howard I"). Defendants request that the court take judicial notice of the pleadings filed in Howard I, the Findings and Recommendations to dismiss the action based on the statute of limitations, and the final order and judgment which adopted these recommendations on March 30, 2018. ECF No. 33-2. As a result, defendants request that the instant action be dismissed with prejudice. ECF No. 33-1 at 12.

In opposition to the motion to dismiss, plaintiff argues that this action is not untimely because he needed time to exhaust his administrative remedies and because he believed he was in imminent danger at the time that he filed it. ECF No. 41. To the extent that the purpose of the statute of limitations is to provide notice to defendants of the claims, plaintiff argues that his administrative grievances provided sufficient notice. Plaintiff only addresses his prior case of Howard I as it relates to the issue of the exhaustion of his administrative remedies and not the statute of limitations. ECF No. 41 at 2.

By way of reply, defendants cite to the relevant court documents in Howard I that demonstrate that plaintiff's prior case was proceeding on the same excessive force claims at issue in the present case and that it was not voluntarily dismissed by plaintiff. ECF No. 42 at 2. Rather, the court granted defendants' motion for summary judgment based on the statute of limitations and judgment was entered in favor of defendants. ECF No. 42 at 2-3. Therefore, plaintiff's arguments regarding the exhaustion of his administrative remedies are irrelevant as Howard I was not decided on that basis. Id. at 3.

## II. Legal Standards

### A. Rule 12(b)(6) Motion

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). For this reason, the court will grant defendants' request for judicial notice of the pleadings and orders issued in Howard I.

**B. Issue Preclusion**

Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). Relitigation of the same issue is precluded where "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding." Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011) (quoting Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000)).

**III.   Analysis**

The court must first determine whether the issue raised in the present action concerning the statute of limitations is identical to an issue that has already been litigated in a prior proceeding. A review of the Findings and Recommendations issued on November 7, 2017 in

3

Howard I demonstrates that the statute of limitations on plaintiff's excessive force claims from November 1, 2013 has already been litigated. See ECF No. 36 in Howard v. Williamson, et al., Case No. 2:16-cv-01200-TLN-KJN (E.D. Cal.), adopted by ECF No. 43 (March 30, 2018). In Howard I, the court determined that plaintiff's complaint was barred by the statute of limitations after determining that plaintiff was not entitled to any tolling. Id. Plaintiff's argument that the case was resolved based on his failure to exhaust administrative remedies is not supported by the record. Therefore, the court finds that the first factor of issue preclusion has been satisfied.

Secondly, the prior proceeding resulted in a final judgment being entered. In Howard I, final judgment in favor of defendants was entered on March 30, 2018. See ECF No. 44 in Howard v. Williamson, et al., Case No. 2:16-cv-01200-TLN-KJN (E.D. Cal.). Once again, plaintiff's argument that he voluntarily dismissed this case is not supported by the record.

Lastly, the parties in the present proceeding are the same as, or in privity with, those in Howard I. Plaintiff sues the same three correctional officers as in Howard I. In the present case, plaintiff named a fourth defendant, Wuest, who was also a correctional officer at CSP-Sac. Generally, the Ninth Circuit has held that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993). Here, all of the defendants worked alongside one another at the same prison during the events at issue. Therefore, their interests are so closely aligned as to be determined to be in privity with one another. For purposes of resolving the present motion, the court finds that the parties in the present proceeding are the same as, or in privity with, those in Howard I.

Based on all three of these factors, the court finds there is an (1) identity of issue, (2) a final judgment on the merits, and (3) privity between the parties, such that re-litigation of the statute of limitations issue is barred by the determination in Howard I that the claims are time barred. Accordingly, the undersigned recommends granting defendants' motion to dismiss plaintiff's second amended complaint with prejudice.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not

intended as legal advice.

After reviewing defendants' motion to dismiss, the undersigned is recommending that this case be dismissed because the statute of limitations issue was previously decided against you in your prior case of Howard v. Williamson, et al., Case No. 2:16-cv-01200-TLN-KJN (E.D. Cal.), and it cannot now be relitigated.  This same legal issue cannot be decided differently in two different cases involving the same parties.

If you disagree with this recommendation, you have fourteen days to explain why it is the wrong result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review any objections filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that Defendants' Request for Judicial Notice of plaintiff's prior case of Howard v. Williamson, et al., Case No. 2:16-cv-01200-TLN-KJN (E.D. Cal.) is granted.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss (ECF No. 33) be granted and that plaintiff's second amended complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 7, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

12/howa2062.mtd.docx